UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond,
Mark May and Paul Markwitz,

                Plaintiffs,        **COMPLAINT**

-vs-        5:19-cv-183(GLS/ATB)

SAM-SON DISTRIBUTION CENTER, INC.

                Defendant.

_____

The Plaintiffs, New York State Teamsters Conference Pension and Retirement Fund and its Trustees ("Pension Fund"), by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

JURISDICTION AND VENUE

1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §181 et seq., as hereinafter more fully appears.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132(a),(e)(1) and 29 U.S.C. §185.

3. Venue properly lies in the United States District Court for the Northern District of New York ("Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund is located and administered within the Northern District of New York.

4. Venue also lies in this judicial district pursuant to the parties contractual agreement and the rules of the Pension Fund that an action of this type shall be brought in the Northern District.

## PARTIES

5. The Pension Fund is an employee benefit fund which was created and exists pursuant to an Agreement and Declaration of Trust ("Trust Agreement") entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters ("Teamsters") and is a multi-employer plan ("Plan") as defined in 29 U.S.C. §1002(37)(A).

6. The Pension Fund has its offices at, and is administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are individual trustees of the Pension Fund ("Trustees") and are "fiduciaries" as defined in 29 U.S.C. §1002(21).

8. Upon information and belief, and at all times relevant hereto, Sam-Son Distribution Center, Inc. (hereinafter referred to as "Sam-Son") is a domestic corporation with offices at 203 Eggert Road, Buffalo, New York 14215 and is an "employer" as defined in 29 U.S.C. §1002(5).

9. As a condition precedent to participating in the Pension Fund Plan, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Pension Fund which require the employer to make employee benefit contributions to the

Plan. The participation agreement is one of the Plan documents that set forth the terms and conditions by which the employer must contribute to the Pension Fund.

10. Upon information and belief and at all times relevant hereto, Sam-Son was a participating employer in the Pension Fund and signatory to both a participation agreement with the Pension Fund and a collective bargaining agreement with Teamsters Local 264 ("Agreements").

11. As a participating employer, Sam-Son is also bound by the terms of the Trust Agreement, Agreements, Plan, and Plan documents as well as the rules and regulations adopted by the Trustees.

## **FIRST COUNT**

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11," inclusive.

13. Pursuant to the provisions of the Agreements and Plan documents, Sam-Son agreed to make certain benefit contributions to the Pension Fund on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Sam-Son is required to contribute to the Pension Fund in accordance with the terms and conditions of the aforesaid Agreements and/or Plan documents. In the event Sam-Son did not fully comply with the terms of aforesaid Agreements and/or Plan documents, and contributions were not properly made, Sam-Son would be liable for all contribution delinquencies and liquidated damages, along with interest, costs and reasonable attorneys' fees.

14. Sam-Son has failed to comply with the terms of said Agreements and/or Plan documents by failing to remit employee benefit contributions on behalf of all eligible and appropriate employees in the amount of $38,461.67 as of January 31, 2019.

15. On numerous and repeated occasions, the Pension Fund notified Sam-Son of its failure to timely remit the required employee benefit contributions for all of its covered employees and made repeated demand for payment of same.

16. However, despite the Pension Fund's demands, Sam-Son has failed, refused and/or neglected to pay the delinquent employee benefit contributions and liquidated damages due the Pension Fund.

17. Sam-Son's failure and refusal to pay the delinquent contributions and liquidated damages is in violation of ERISA, 29 U.S.C. §1145, as well as the Agreements and/or Plan documents. As such, Sam-Son is liable to the Pension Fund in the amount of $38,461.67 for delinquent employee benefit contributions and liquidated damages due and owing as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents, and/or agreements to which Sam-Son was a party.

## SECOND COUNT

18. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "17," inclusive.

19. In regard to the aforesaid delinquent contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid contributions and liquidated damages,

4

interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

20. Since the instant action was commenced by the Pension Fund to enforce the terms of the Agreements and/or Plan documents pursuant to ERISA, in the event judgment is awarded in favor of the Pension Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund requests from Sam-Son the unpaid delinquent employee benefit contributions and liquidated damages in the amount of $38,461.67 due as of January 31, 2019; interest at the rate set by the Pension Fund; an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against Sam-Son as follows:

A. The sum of $38,461.67 due the Pension Fund for delinquent employee benefit contributions and liquidated damages as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C. Interest on the delinquent employee benefit contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D. An additional award of the greater of interest or liquidated damages in accordance with 29 U.S.C. §1132(g)(2)(C).

E. Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

Dated: February 8, 2019  **PARAVATI, KARL, GREEN & DEBELLA, LLP**
Utica, New York

By: /s/ Vincent M. DeBella
    Vincent M. DeBella, Esq. (101465)
    Gerald J. Green, Esq. (101850)
    Attorneys for Plaintiffs
    **OFFICE & P.O. ADDRESS**
    520 Seneca Street, Suite 105
    Utica, New York 13502
    Phone: (315) 735-6481
    Fax: (315) 735-6406
    E-mail: vdebella@pkgdlaw.com
    E-mail: gjgreen15@yahoo.com